UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LOCAL 1922 PENSION FUND and
UNITED EMPLOYEES HEALTH PLAN,

                                               Plaintiffs,

-against-

A-G ELECTRICAL SUPPLY CO. INC. and
PETER RAY,

                                               Defendants.
-----------------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
21-CV-03441 (JMA) (JMW)

**FILED**
**CLERK**

1:46 pm, Aug 04, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiffs Local 1922 Pension Fund and United Employees Health Plan allege that Defendants A-G Electrical Supply Co. Inc. and Peter Ray breached the terms of the parties' collective bargaining agreement. They bring this action pursuant to the Employee Retirement Income Security Act and Labor-Management Relations Act, seeking recovery of unpaid contributions and unpaid withdrawal liability. On December 21, 2022, Plaintiffs filed a motion for default judgment, (ECF No. 15), which the Court referred to Magistrate Judge James M. Wicks for a report and recommendation ("R&R"). (Electronic Order dated Jan. 11, 2023.) In a R&R issued on July 19, 2023, Magistrate Judge Wicks recommends that the Court grant in part and deny in part Plaintiffs' motion. (ECF No. 17.) No objections to the R&R have been filed and the time for doing so has since passed.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts the R&R in its entirety as the opinion of the Court.

Accordingly, Plaintiffs' motion for default judgment is GRANTED IN PART and DENIED IN PART. The motion is denied to Defendant Ray with leave to renew as set forth in the R&R. The motion is granted as to Defendant A-G Electrical as follows: (1) the Health Fund is awarded the amount of $169,530.60 for delinquent contributions, liquidated damages, and interest; (2) the Pension Fund is awarded $264,923.28 for delinquent contributions, withdrawal liability, liquidated damages, and interest; and (3) the Health Fund and the Pension fund collectively are awarded $6,517.50 for attorneys' fees and costs.

If Plaintiffs do not renew their motion as to Defendant Ray by August 18, 2023, the Court will dismiss the claims against Ray without prejudice, and direct the Clerk of Court to enter judgment as set forth above and close the case.

**SO ORDERED.**

Dated: August 4, 2023
Central Islip, New York

                                                       /s/ (JMA)
                                                   JOAN M. AZRACK
                                                   UNITED STATES DISTRICT JUDGE