**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LOCAL 1992 PENSION FUND and
UNITED EMPLOYEES HEALTH PLAN

<table>
<tr><td style="text-align:center"><i>Plaintiffs</i>,</td><td style="text-align:center"><b>REPORT AND</b><br><b><u>RECOMMENDATION</u></b><br>21-CV-03441 (JMA)(JMW)</td></tr>
</table>

-against-

A-G ELECTRICAL SUPPLY CO. INC.,
and PETER RAY

                           *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**A P P E A R A N C E S:**

Sheri Dorothy Preece, Esq.
**McCarthy & Preece, PLLC**
118 North Bedford Road
Mount Kisco, NY 10549
*Attorney for Plaintiffs*

*No Appearance by Defendants*

**WICKS,** Magistrate Judge:

Plaintiffs Local 1992 Pension Fund ("Pension Fund") and United Health Plan ("Health Fund") (collectively, "Plaintiffs") commenced this action against Defendants A-G Electrical Supply Co. ("A-G Electrical") and Peter Ray (collectively, "Defendants") on June 18, 2021, alleging breach of a Collective Bargaining Agreement ("CBA") between the parties, and violations of the Employee Retirement Income Security Act ("ERISA") and the Labor-Management Relations Act ("LMRA"). (ECF No. 1.)  After Defendants failed to respond to the Complaint and appear for the Initial Conference (ECF No. 7), Plaintiffs filed a motion for default judgment against Defendants (ECF No. 14), which the undersigned denied with leave to renew on procedural grounds ("Plaintiff's First Motion for Default Judgment"). (*See*

1

Electronic Order dated August 11, 2022). On December 21, 2022, Plaintiffs filed their renewed motion for default judgment ("Plaintiff's Second Motion for Default Judgment"), which the Honorable Joan M. Azrack granted with respect to Defendant A-G Electrical and denied with leave to renew with respect to Defendant Peter Ray. (ECF Nos. 15, 17.) Before the Court, on referral from Judge Azrack, is Plaintiffs' Third Motion for Default Judgment against Peter Ray. (ECF No. 20; Electronic Order dated November 6, 2023). For the reasons stated herein, the undersigned respectfully recommends Plaintiff's Third Motion for Default Judgment (ECF No. 20) now be **GRANTED**.

## BACKGROUND

### I.    Factual Background

The following facts derive from Plaintiffs' Complaint unless otherwise noted. (ECF No. 1.) Plaintiffs provide "multiemployer" pension benefit plans for eligible employees and their dependents. (ECF No. 1 at ¶¶ 6-7, 21.) Defendant A-G Electrical is a New York corporation with its principal place of business in New York. (*Id*. at ¶ 3.) Defendant Peter Ray is a New York resident and the president, sole shareholder, and operator of A-G Electrical. (*Id*. at ¶¶ 3, 5.) Peter Ray, on behalf of A-G Electrical, entered into a Collective Bargaining Agreement ("CBA") with Plaintiffs dated September 1, 2011 to February 28, 2023. (*Id*. at ¶ 10.) Plaintiffs allege that A-G Electrical is required to make contributions to the plans pursuant to the CBA. (*Id*. at ¶ 10, 24.) The CBA automatically renews annually unless either party provides notice of termination or modification (*Id*. at ¶¶ 10, 31.) Neither party provided such notice. (*Id*. at ¶ 10.)

On November 21, 2018, A-G Electrical and Pension Fund entered into a Settlement Agreement where A-G Electrical was to pay $4,140.72 in unpaid past contributions, but A-G Electrical defaulted leaving a balance of $3,510.38. (*Id*. at ¶ 12). In March 2020, A-G Electrical

failed to pay $449.54 for further contributions in accordance with 29 U.S.C. § 1145. (*Id*. at ¶ 13).

On June 1, 2020, A-G Electrical withdrew from Pension Fund by "permanently ceasing all

covered operations under the under the Pension Fund . . . ." (*Id*. at ¶ 14). Following the

withdrawal, the Pension Fund sought withdrawal liability from A-G Electrical under ERISA §

3201(a), 29 U.S.C. § 1381(a). (*Id*. at ¶ 14). The Pension Fund sent A-G Electrical a demand

letters for the withdrawal liability. (*Id*. at ¶ 17).

Like the Pension Fund, A-G Electrical and the Health Fund entered into a Settlement

Agreement for failure to pay $72,867.56. (*Id*. at ¶ 25).  A-G Electrical defaulted on this

Settlement Agreement leaving an outstanding balance of $61,869.76. (*Id*.)  Further, Plaintiffs

allege A-G Electrical failed to make contributions to the Health Fund, as agreed upon in the

CBA, from January 2020 through March 2020 resulting in a delinquency of $82,697.86. (*Id*. at ¶

26.). Additionally, the Health Fund entered into a Participation Agreement with the Defendants

covering non-bargaining unit members—including Peter Ray. (*Id.* at ¶ 27). Plaintiffs allege A-G

Electrical failed to make contributions to the Health Fund based on the Participation Agreement

from January 2020 through March 2020 resulting in a $8,331.24 deficiency. (*Id*. at ¶ 29).

## II.    **Procedural History**

The Complaint was filed on June 18, 2021 (ECF No. 1), and a Summons was issued as

to Defendants on June 22, 2021. (ECF No. 6.) Ray was served on July 6, 2021 (ECF No. 8), and

A-G Electrical was served on July 13, 2021. (ECF No. 9.) Defendants' respective answers were

due July 27 and August 3, 2021. (ECF Nos. 8, 9.) Defendants failed to answer or otherwise

respond to the Complaint. The Court held a Status Conference on September 28, 2021, at which

Defendants failed to appear. (ECF No. 11.) On November 8, 2021, the Court issued an order to

show cause directing Plaintiffs' counsel to request a certificate of default, or otherwise show

cause, in writing, as to why the Court should not issue a Report and Recommendation to the presiding District Judge that this matter be dismissed pursuant to Fed. R. Civ. P. 41 (b) for failure to prosecute. (Electronic Order dated November 8, 2021.) Plaintiffs requested a certificate of default on November 9, 2021 (ECF No. 12), which was entered by the Clerk of the Court on November 9, 2021. (ECF No. 13.) Plaintiff filed a motion for default judgment on January 10, 2022 (ECF No. 14), which was denied with leave to renew for, *inter alia*, failure to include a memorandum of law and a non-military affidavit as to Ray. (Electronic Order dated August 11, 2022.)

Plaintiffs filed their renewed motion for default judgment (ECF No. 15) on December 21, 2022, which was referred by Judge Azrack to the undersigned for a Report and Recommendation (Electronic Order dated January 11, 2023.) On July 19, 2023, the undersigned issued a Report and Recommendation to Judge Azrack, recommending Plaintiff's Second Motion for Default Judgment be granted in part and denied in part (hereafter, the "July 19, 2023 R&R"). (ECF No. 17 at 2.) Specifically, the undersigned recommended the motion be denied as to Defendant Ray with leave to renew, given Plaintiffs' failure to failure to comply with the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. § 521, solely as to Ray. (*Id.*) The undersigned additionally found Ray personally liable for a breach of his fiduciary duties under ERISA, and noted, "*if* compliance with the SCRA is shown, Plaintiffs have sufficiently established Defendant Peter Ray's individual liability." (*Id.* at 14-16.)

On August 4, 2023, Judge Azrack adopted the July 19, 2023 R&R in its entirety, granting Plaintiff's Second Motion for Default Judgment with respect to Defendant A-G Electrical,[1] and denying the motion as to Defendant Ray with leave to renew "as set forth in the

---

[1] Plaintiff's Second Motion for Default Judgment was granted as to A-G Electrical as follows: "(1) the Health Fund be awarded the amount of $169,530.60 for delinquent contributions, liquidated damages, and

R&R." (ECF No 19.) On August 16, 2023, Plaintiffs filed a Third Motion for Default Judgment against Peter Ray, which was referred by Judge Azrack to the undersigned for a Report and Recommendation. (ECF No. 20; Electronic Order dated November 6, 2023.)

## **LEGAL STANDARD**

There is a two-step process for the granting of default judgments under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2(b). The decision to grant a motion for default is left to the sound discretion of the district court. *No Limit Auto Enterprises, Inc. v. No Limit Auto Body, Inc.*, No. 2-1CV-4755 (AMD)(JMW), 2022 WL 18399477, at *2 (E.D.N.Y. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL 348271 (E.D.N.Y. Jan. 19, 2023).

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878 (RJD)(JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true). "Where damages are susceptible to simple mathematical calculation and the plaintiff provides a 'sufficient basis from which to evaluate the fairness' of the requested damages, no evidentiary

---

interest; (2) the Pension Fund be awarded $264,923.28 for delinquent contributions, withdrawal liability, liquidated damages, and interest; and (3) the Health Fund and the Pension Fund collectively be awarded $6,517.50 for attorneys' fees and costs." (ECF No. 17).

hearing is necessary." *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410

(VM), 2018 WL 1596192, at \*5 (S.D.N.Y. Mar. 28, 2018) (quoting *Am. Jewish Comm.*, 2016

WL 3365313, at \*4).

However, a plaintiff must still demonstrate that the allegations set forth in the complaint

state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir.

2011) (suggesting that "a district court is 'required to determine whether the plaintiff's

allegations establish the defendant's liability as a matter of law'" prior to entering default

judgment (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted)).

The Court must therefore ensure: (i) Plaintiffs satisfied all the required procedural steps in

moving for default judgment, *see* Local Civ. R. 55.2; (ii) Plaintiffs' allegations, when accepted

as true, establish liability as a matter of law, *see Finkel*, 577 F.3d at 84; and (iii) Plaintiffs'

request for damages is adequately supported.

## DISCUSSION

### I.  Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of

law, and supporting affidavits or exhibits containing any necessary factual information for the

decision of the motion.  E.D.N.Y. Local R. 7.1(a)(1)-(3).  Local Civil Rule 55.2 requires that a

party moving for default judgment append to its application the Clerk's certificate of default, a

copy of the claim to which no response has been made, a proposed form of default judgment, and

that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a

default is sought at the last known address of such party with proof of mailing filed with the

Court.  E.D.N.Y. Local R. 55.2(b)-(c).

Before a default judgment can be entered for the plaintiff, the SCRA additionally

commands that the Court "require the plaintiff to file with the court an affidavit . . . stating

whether or not the defendant is in military service and showing necessary facts to support the

affidavit." 50 U.S.C. App. § 521; *ADI Glob. Distribution v. Green*, No. 20-CV-03869

(AMD)(JMW), 2023 WL 3355049, at *3 (E.D.N.Y. Apr. 24, 2023) (same), *report and

recommendation adopted*, 2023 WL 3346499 (E.D.N.Y. May 10, 2023). "The non-military

affidavit must be based not only on an investigation conducted after the commencement of an

action or proceeding but also after a default in appearance by the party against whom the

default judgment is to be entered." *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5465 (ENV)

(RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012). To satisfy this requirement,

"[c]ertification . . . of a defendant's military status can be obtained from the Department of

Defense's Servicemembers Civil Relief Act website." *ADI Glob. Distribution*, 2023 WL

3355049, at *3.

Plaintiffs' First Motion for Default Judgment was denied due to Plaintiff's failure to

comply with the SCRA, as there was "no indication whether individual defendant Ray was in

military service." (ECF Nos. 14, 15, 17 at 7.)  Plaintiff's Second Motion for Default Judgment

(ECF No. 15) included: (i) a memorandum of law (ECF No. 15-1), (ii) a proposed judgment

(ECF No. 15-3), (iii) an unsworn declaration[2] in support (ECF No. 15-2) affirming that Peter

Ray is not in the military, (iv) the certificate of default as to Defendants entered by the Court on

November 9, 2021 (ECF No. 15-5), (v) a copy of the Complaint & Exhibits (ECF No. 15-20),

and (vi) the affidavit of service confirming service of the motion for default judgment on

Defendants. (ECF No. 15-16.)  The undersigned specifically took issue with the "passing

perfunctory reference in [Plaintiff's] counsel's declaration that Peter Ray is 'not presently in the

---

[2] A declaration "in writing, subscribed and certified or declared to be true under penalty of perjury," as
offered here, suffices in place of an affidavit. 50 U.S.C. App. § 521(b)(4).

military[,]'" and found the declaration "[did] not cure Plaintiffs' noncompliance with the

SCRA." (ECF No. 17 at 8) (quoting (ECF No. 15-2 at ¶ 6)). The undersigned reasoned that "the

statute mandates Plaintiffs provide a declaration setting forth the necessary supporting facts

leading to the conclusion that in fact Ray is not currently serving in the military." *Id*. (collecting

cases).

Here, in support of its Third Motion for Default Judgment against Defendant Ray (ECF

No. 20), Plaintiffs' counsel submitted an Affidavit in Support (ECF No. 20-2), stating that Peter

Ray "is not presently in the military[,]" and attached a Certification of Military Service from the

Department of Defense's Servicemembers Civil Relief Act, dated July 19, 2023 (the

"Certificate"). (ECF No. 20-2 at ¶ 6; ECF No. 20-22.)  The Certificate contains a Status Report,

which states that as of July 19, 2023, Ray: (i) is not currently and was not previously on active

duty; and (ii) was not notified of a future call-up to active duty. (*Id*.) The Certificate, signed by

Department of Defense Acting Director Sam Yousefzadeh, further states:

> Upon searching the data banks of the Department of Defense Manpower Data Center,
> based on the information that [Plaintiffs] provided, the above is the status of [Ray] on the
> active-duty status date as to all branches of Uniformed Services (Army, Navy, Marine
> Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes
> information on a Servicemember or his/her unit receiving notification of future orders to
> report for Active Duty.

(*Id*.) The undersigned finds the Certificate is sufficient to comply with the SCRA, as it shows

"the requisite investigation into [Ray's] military service was performed." *Innovative Sports*

*Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21CV6909 (AMD)(RER), 2022 WL 18151927,

at *10 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted*, No.

21CV6909(AMD)(RER), 2023 WL 130835 (E.D.N.Y. Jan. 9, 2023); *see also ADI Glob.*

*Distribution*, 2023 WL 3355049, at *3; *Bhagwat v. Queens Carpet Mall, Inc.*, No.

14CV5474(ENV)(PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) (noting

"[c]ertification, as to the SCRA, of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website.") Accordingly, the Court finds that Plaintiffs' Third Motion for Default Judgment is procedurally proper and turns to the merits of the motion.

## II.     **Default Factors**

In evaluating whether to grant a default judgment, courts consider: (i) whether the defendant's default is willful; (ii) whether the defendant has a meritorious defense to plaintiff's claims; and (iii) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 (ADS)(AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013). *But see Brown v. Gabbidon*, No. 06-CIV-8148 (HB), 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007) ("A discussion of prejudice, willfulness and meritorious defenses is required once there is an entry of default or a default judgment and the court considers a request by a defaulting party to vacate that entry pursuant to Rules 55(c) or 60(b).").

Consideration of these three factors counsels toward an entry of default judgment where, as here, Defendant Ray has wholly failed to appear and present any sort of defense, and Plaintiffs are left with no further steps to take to secure relief. *See ADI Glob. Distribution*, 2023 WL 3355049, at *4; *see also Flooring Experts*, *Inc.*, 2013 WL 4042357, at *3 (when a defendant is continuously and completely unresponsive the failure to respond is considered willful), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46 (JS)(AKT),

9

2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) ("[T]he Court is unable to make a

determination whether the Defendants have a meritorious defense since no such defense has

been presented to the Court"), *report and recommendation adopted*, 2012 WL 832452

(E.D.N.Y. Mar. 12, 2012); *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-

CV-1611 (DRH)(AKT), 2018 WL 1525803, at *9 (Mar. 1, 2018) (noting that denying the

motion for default judgment would be prejudicial to Plaintiff since "there are no additional

steps available to secure relief in this Court"), *report and recommendation adopted*, 2018 WL

1525698 (E.D.N.Y. Mar. 28, 2018) (citations omitted).

### III.   <u>Liability and Principal Damages</u>

As previously mentioned, this Court granted Plaintiff's Second Motion for Default

Judgment as to Defendant A-G Electrical as follows:

> (1) the Health Fund be awarded the amount of $169,530.60 for delinquent contributions, liquidated damages, and interest; (2) the Pension Fund be awarded $264,923.28 for delinquent contributions, withdrawal liability, liquidated damages, and interest; and (3) the Health Fund and the Pension Fund collectively be awarded $6,517.50 for attorneys' fees and costs.

(ECF No. 19.)

In their Third Motion for Default Judgment, Plaintiffs seek to hold Peter Ray "personally

liable for delinquent contributions owed the Health Fund and delinquent contributions and

withdrawal liability owed the Pension Fund." (ECF No. 20-1 at 20.) Plaintiffs argue Ray

"should be found personally liable as a fiduciary, for damages to the Pension Fund and Health

Fund[,] as he exercised discretionary control and dominion over assets of the Pension Fund and

Health Fund." (*Id*. at 18.) Specifically, Plaintiffs request the Court award them judgment

against Defendant Ray:

> In the amount of $169,530.60 to the Health Fund for (i) $82,697.86 for delinquent contributions; (ii) $43,416.37 for interest; and (iii) $43,416.37 for liquidated damages and

$264,923.28 to the Pension Fund for (i) $3,510.38 for delinquent contribution; (ii) $1,842.75 for interest on delinquent contributions, (iii) $1,842.75 for liquidated damages on delinquent contributions; (iv) $135,646.00 for withdrawal liability, (v) $61,040.70 for interest on withdrawal liability; (vi) $61,040.70 for liquidated damages on withdrawal liability and $5,880 for attorney's fees and $637.50 for cost to the Health Fund and Pension Fund.

(*Id*. at 20-21.)[3]

In the July 19, 2023 R&R, the undersigned found Plaintiffs sufficiently alleged: (i) Defendant A-G Electrical's liability for unpaid benefits contributions and withdrawal; and (ii) Defendant Peter Ray's personally liability for breach of his fiduciary duties under ERISA. (*Id*. at 14-15.) Specifically, the undersigned found that Plaintiffs "sufficiently established Defendant Peter Ray's individual liability" because they alleged Ray: "signed the CBA and relevant agreements, was the president of the corporation, and had full control and authority over both the contributions and submission of those contributions." (*Id.* at 15-16.); *See e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009) (quoting 29 U.S.C. § 1002(21)(A)(i)) ("ERISA provides that a fiduciary is someone who 'exercises any discretionary authority or discretionary control respecting management of an [ERISA benefit plan] or exercises any authority or control respecting management or disposition of its assets.'"); *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (finding where individual defendant "determined which creditors the corporate defendant would pay" and "exercised control over money due and owing to the Plaintiff Funds[,]" that

---

[3] Plaintiffs seek a judgment as against Ray identical to the judgment sought against both Defendants in their Second Motion for Default Judgment. (ECF No. 15-2.) Although not specifically articulated so, the undersigned understands Plaintiffs seek to hold Defendant Ray jointly and severally liable for the judgment entered against Defendant A-G Electrical. *See Bricklayers Ins. & Welfare Fund v. J.K. Merillin Builders, Inc.*, No. 13-CV-1048 (ARR) (VVP), 2014 WL 6674404, at *1 (E.D.N.Y. Oct. 6, 2014) (holding liability of individual ERISA fiduciary who failed to make contributions to funds ran jointly and severally with company that was required to make contributions to those funds).

individual defendant was liable as an ERISA fiduciary); *Upstate New York Engineers Health Fund v. Oneidaview Pile Driving, Inc.*, No. 515CV0512LEKTWD, 2017 WL 1483446, at *4 (N.D.N.Y. Apr. 25, 2017) (quoting 29 U.S.C. § 1109(a)) (where Plaintiffs "demonstrated that [the individual defendant] was a fiduciary under ERISA, and that she breached her fiduciary duty," she was "required to 'make good to [the] plan any losses resulting from [her] breach[,]' and [t]herefore, is responsible for withheld assets."). As the undersigned has already determined Defendant Ray's liability as a fiduciary, the Court turns to damages as against Ray.

Under ERISA, the corporate defendant is "liable for unpaid contributions, interest, liquidated damages provided under the plan, attorney's fees and costs, and any other legal or equitable relief the court deems appropriate," however, The Second Circuit has made clear that "the same is not true for the individual defendant." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189–90 (2d Cir. 2015). As a fiduciary, "the individual defendant can only be *required* under ERISA to 'make good to [the] plan any losses to the plan resulting from [his] breach, and ... [provide] such other equitable or remedial relief as the court may deem appropriate.'" *Id*. at 189–90 (emphasis added) (quoting 29 U.S.C. § 1109(a)). To this end, as a fiduciary, Defendant Ray's liability "would certainly include[;]" (i) $82,697.86 for delinquent contributions to the Health Fund, (ii) $3,510.38 for delinquent contribution to the Pension Fund; and (iii) $135,646.00 for withdrawal liability to the Pension Fund, however, the Court must engage in a separate analysis as to whether "it would also include liquidated damages, prejudgment interest, and attorney's fees." *Id*. at 190; ECF No. 17 at 13-14.

*First*, with respect to liquated damages, the Second Circuit has held that "liquidated damages do not serve to make good to the plan any losses and do not constitute appropriate

equitable relief as recognized by the common law of trusts[,]" and, accordingly, Courts in this

Circuit have declined to awarded liquated damages against individual fiduciaries in ERISA

cases. *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund*, 779 F.3d at 190

(holding the district court erred by awarding liquidated damages against the individual

defendant, as the individual, although liable as an ERISA fiduciary, was not liable under

ERISA for liquated damages arising from his company's withholding of fringe benefit

contributions and deductions from multiemployer pension funds); *Bricklayers Ins. & Welfare*

*Fund*, No. 17-CV-6067 (SJ) (ST), 2019 WL 2271942, at *10 (E.D.N.Y. Mar. 6, 2019), *report*

*and recommendation adopted as modified*, No. 17-CV-6067 (SJ) (ST), 2019 WL 1772399

(E.D.N.Y. Apr. 23, 2019) (granting default judgment as to corporate and individual defendant,

and awarding plaintiff liquidated damages as to the corporate defendant only); *Bricklayers Ins. &*

*Welfare Fund v. Alpha Omega Bldg. Corp.*, No. 19CV2600 (ERK)(RLM), 2022 WL 18858966,

at *10 (E.D.N.Y. Nov. 10, 2022) (same); *Upstate New York Engineers Health Fund v.*

*Oneidaview Pile Driving, Inc.*, No. 515CV0512 (LEK)(TWD), 2017 WL 1483446, at *5

(N.D.N.Y. Apr. 25, 2017).

Second, prejudgment interest, "on the other hand, *can* constitute appropriate equitable or

remedial relief under 29 U.S.C. § 1109(a)." *Bricklayers & Allied Craftworkers Loc. 2, Albany,*

*N.Y. Pension Fund*, 779 F.3d at 190; *Upstate New York Engineers Health Fund v. Oneidaview*

*Pile Driving, Inc.*, No. 515CV0512 (LEK)(TWD), 2017 WL 1483446, at *5 (N.D.N.Y. Apr. 25,

2017) ("A fiduciary in her individual capacity may also be liable for prejudgment interest on

withheld contributions."). "Prejudgment interest is calculated by comparing what the plan

earned during the time in question and what it would have earned had the money lost due to the

breach been available." *Id*.  (internal citations omitted). In the July 19, 2023 R&R, the

13

undersigned determined:

> [First,] A-G Electrical defaulted on the Settlement Agreement with the Pension Fund and the Health Fund when it failed to make its next installment payment on January 10, 2020, and thus, owe 35 months of overdue interest. As stated in the affidavit provided by counsel, at the interest rate of 1.5% per month, for the 35 months of delinquent contributions, Plaintiffs are owed as follows: (1) $1,842.75 in interest to Pension Fund on monies owed pursuant to Settlement Agreement; and (2) $32,481.62 in interest to Health Fund on monies owed pursuant to Settlement Agreement. Further, A-G Electrical is delinquent on contributions to the Health Fund pursuant to the Participation Agreement as of March 2020 for amounts due for from January 2020 to March 2020.  Thus, A-G Electrical owes $10,934.75 in interest to Health Fund for delinquent contributions based on the same interest rate for 33 months. Second, Plaintiffs assert that on the issue of withdrawal liability the Pension Fund is also entitled to interest at a rate of 1.5% per month or 18% per year pursuant to the Trust Indenture. Plaintiffs set forth that the A-G Electrical was notified of its $135,646 withdrawal liability on June 1, 2020, and failed to respond to the demand. As stated in the affidavit provided by counsel, interest calculated, at a rate of 1.5% per month for 30 months, results in a monthly total of $2,034.69 and total interest amount of $61,040.70.

(ECF No. 17 at 17-18.) Plaintiffs submitted identical interest calculations in support of their Third Motion for Default Judgment. *See* ECF Nos. 20-2 at ¶ 15, 25, 27, 33, 40 (claiming Defendants owe: (i) the Health Fund a total of $10,934.75 for interest on delinquent contributions; (ii) $32,481.62 in interest on the delinquent contributions pursuant to the Settlement Agreement with Health Fund; (iii) $1,842.95 in interest on delinquent contributions to the Pension Fund; and (iv) a total of $61,040.70 in interest on the withdrawal liability).

Accordingly, based on the rates applicable to each fund, the undersigned finds Defendant Ray jointly and severally liable for $43,416.37 and $1,842.95 in interest on unpaid contributions to the Health Fund and Pension Fund, respectively, and $61,040.70 in interest on the withdrawal liability. *See e.g., Goodwin v. Hawker Dayton Corp.,* No. 19CIV4284 (LGS)(GWG), 2019 WL 6223955, at *8 (S.D.N.Y. Nov. 22, 2019), *report and recommendation adopted*, No. 19 CIV. 4284 (LGS), 2019 WL 6729197 (S.D.N.Y. Dec. 10, 2019) (awarding a default judgment against corporate defendant and its president "jointly and severally, in the total amount of $262,020 plus

interest at a rate of $162.63 per day from March 1, 2018, to the date judgment is entered.");

*Henry v. Champlain Enters., Inc.,* 445 F.3d 610, 622–23 (2d Cir.2006) (holding the "issue of

whether or not to award prejudgment interest [in ERISA cases] is ordinarily left to the discretion

of the district court . . . however, [the Court must] explain and articulate its reasons for any

decision regarding prejudgment interest.").

    *Third*, with respect to attorney's fees, 29 U.S.C. § 1131(g)(1) provides, in an ERISA

action for breach of fiduciary duty, "the court in its discretion may allow a reasonable

attorney's fee and costs of action to either party." *Upstate New York Engineers Health Fund*,

No. 515CV0512 (LEK)(TWD), 2017 WL 1483446, at *5 (N.D.N.Y. Apr. 25, 2017); *Hardt v.*

*Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010) (holding a court may only award

attorney's fees to a plaintiff who has achieved "some degree of success on the merits.");

*Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund* , 779 F.3d at 190 (citing

29 U.S.C. § 1132(g)(1)) ("[W]hile the district court may award attorney's fees, absent any

specific analysis from the district court explaining why attorney's fees are justified against the

individual defendant in this case, a meaningful review is forestalled.").

    As in their Second Motion for Default Judgment, Plaintiff requests $6,517.50 in

attorney's fees and costs as to Defendant Ray. (ECF No. 20-2 at ¶ 45-46; ECF No. 20-21 at 1-

2.) As the undersigned previously determined in the July 19, 2023 R&R, the attorney's fees

requested are "reasonable attorney's fees and costs of the action" under ERISA, and are

otherwise adequately supported by billing records and associated documentation. *See* ECF Nos.

20-21, 20-16; 29 U.S. Code §1132(g)(2)(D); *see also Lanzafame v. L & M Larjo Co.*, No. 03-

CV-3640, 2006 WL 2795348, at *6 (E.D.N.Y. Sept. 26, 2006) ("Section 1132(g) mandates an

award of reasonable attorney's fees in ERISA actions brought by fiduciaries to enforce the

terms of a collectively bargained agreement.").

As such, because the undersigned as already determined Plaintiffs have sufficiently established Defendant Peter Ray's individual liability (ECF No. 17 at 16), the Court finds that Plaintiffs are the prevailing parties and are entitled to attorneys' fees as to Defendant Ray. *See Upstate New York Engineers Health Fund*, No. 515CV0512 (LEK)(TWD), 2017 WL 1483446, at \*5 (finding individual defendant jointly and severally liable for $5,932.20 in attorneys' fees and costs); *Goodwin*, No. 19CIV4284 (LGS)(GWG), 2019 WL 6223955, at \*8 (same); *Trustees of the Plumbers Loc. Union No. 1 Welfare Fund v. Manhattan Plumbing Corp.*, No. 08CV3036 (FB)(RLM), 2010 WL 456870, at \*3 (E.D.N.Y. Feb. 3, 2010) (citing 29 U.S.C. § 1132(g) (2)) (holding plaintiffs "established that [individual defendant] is individually liable as a fiduciary with respect to the Local 1 Funds . . . [and] [s]uch liability includes attorney's fees and costs."); *Trustees of the Plumbers Loc. Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday Fund, Trade Educ. Fund & 401(k) Sav. Plan v. Philip Gen. Const.*, No. 05CV1665(NG)(RLM), 2007 WL 3124612, at \*15 (E.D.N.Y. Oct. 23, 2007) (recommending judgment be entered against individual defendant for the amounts owed to the corporate defendant, including attorney's fees and costs).

## **CONCLUSION**

For the reasons stated above, the undersigned respectfully recommends Plaintiffs' Third Motion for Default Judgment against Defendant Ray (ECF No. 20) be **GRANTED** as follows:

  (1) of the 169,530.60 award to the Health Fund for delinquent contributions, liquidated damages, and interest against Defendant A-G Electrical, Defendant Ray is jointly and severally liable for delinquent contributions and interest in the amount of $126, 114.23[4];

---

[4] This calculation subtracts $43,416.37 in liquated damages from the total amount awarded to the Health Fund as against Defendant A-G Electrical. *See* ECF No. 17 at 19 (finding Plaintiffs are entitled to liquidated damages as follows: (i) $32,481.62 to the Health Fund for contributions owed pursuant to Settlement Agreement; and (ii) $10,934.75 on delinquent contributions from January 2020 through March

(2) of the $264,923.28 for delinquent contributions, withdrawal liability, liquidated damages, and interest awarded to Pension Fund against Defendant A-G Electrical, Defendant Ray is jointly and severally liable for delinquent contributions, withdrawal liability and interest in the amount of $202,039.83[5]; and

(3) Defendant Ray is jointly and severally liable for the $6,517.50 in attorneys' fees and costs awarded to the Health Fund and the Pension Fund collectively against Defendant A-G Electrical.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiffs are directed to serve a copy of this Report and Recommendation on Defendants via first-class mail and via email and promptly file proof of service on ECF within two business days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a

---

2020 owed to the Health Fund).

[5] This calculation subtracts $62,883.45 in liquated damages from the total amount awarded to the Pension Fund as against Defendant A-G Electrical. *See* ECF No. 17 at 19 (finding Plaintiffs are entitled to liquidated damages as follows: (i) $1,842.75 to the Pension Fund for contributions owed pursuant to Settlement Agreement; and (ii) $61,040.70 on the withdrawal liability to the Pension Fund).

waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of*

*Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:    Central Islip, New York
          February 6, 2024

                                        RESPECTFULLY RECOMMENDED,


                                        /S/ *James M. Wicks*
                                        JAMES M. WICKS
                                        United States Magistrate Judge