FILED
CLERK
12:36 pm, Feb 28, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

LOCAL 1992 PENSION FUND, and
UNITED EMPLOYEES HEALTH PLAN

                Plaintiffs,

   -against-

A-G ELECTRICAL SUPPLY CO. INC.,
and PETER RAY

For Online Publication Only

**ORDER**
21-cv-03441 (JMA) (JMW)

                Defendants.
───────────────────────────────X

**AZRACK, United States District Judge:**

The procedural history of this case is detailed in Magistrate Judge James M. Wick's July 19, 2023, Report and Recommendation ("R&R"). (See, e.g., ECF No. 17.) Before the Court today is Magistrate Judge Wicks's most recent R&R (ECF No. 21), which recommends that the Court grant Plaintiffs' Third Motion for Default Judgment (ECF No. 20). No objections to the R&R have been filed; the time for doing so has expired. For the reasons stated below, the R&R is adopted in its entirety, and Plaintiffs' Third Motion for Default Judgment is GRANTED.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of

1

Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts the R&R in its entirety as the opinion of the Court.

Accordingly, Plaintiffs' Third Motion for Default Judgment is GRANTED as follows:

1. of the 169,530.60 award to the Health Fund for delinquent contributions, liquidated damages, and interest against Defendant A-G Electrical, Defendant Ray is jointly and severally liable for delinquent contributions and interest in the amount of $126, 114.234;[1]

2. of the $264,923.28 for delinquent contributions, withdrawal liability, liquidated damages, and interest awarded to Pension Fund against Defendant A-G Electrical, Defendant Ray is jointly and severally liable for delinquent contributions, withdrawal liability and interest in the amount of $202,039.835;[2] and

3. Defendant Ray is jointly and severally liable for the $6,517.50 in attorneys' fees and costs awarded to the Health Fund and the Pension Fund collectively against Defendant A-G Electrical.

Plaintiffs are directed to serve a copy of this Order on Defendants and file proof of service on ECF no later than March 7, 2024.

**SO ORDERED.**

Dated: February 28, 2024
Central Islip, New York

                                                                       /s/  JMA
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE

---

[1] This calculation subtracts $43,416.37 in liquated damages from the total amount awarded to the Health Fund as against Defendant A-G Electrical.  (See ECF No. 17 at 19) (finding Plaintiffs are entitled to liquidated damages as follows: (i) $32,481.62 to the Health Fund for contributions owed pursuant to Settlement Agreement; and (ii) $10,934.75 on delinquent contributions from January 2020 through March 2020 owed to the Health Fund)).

[2] This calculation subtracts $62,883.45 in liquated damages from the total amount awarded to the Pension Fund as against Defendant A-G Electrical.  (See ECF No. 17 at 19) (finding Plaintiffs are entitled to liquidated damages as follows: (i) $1,842.75 to the Pension Fund for contributions owed pursuant to Settlement Agreement; and (ii) $61,040.70 on the withdrawal liability to the Pension Fund)).